IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| DANNY HUNT, d/b/a ) | |
| The Gold Man and Scruggs Jewelers, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| DANNY HUNT, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | No. 2:09-CV-221 |
| ) | |
| L.A.J. Inc., ) | |
| ) | |
| Appellee. ) | |

**MEMORANDUM OPINION**

Debtor Danny Hunt, d/b/a The Gold Man and Scruggs Jewelers ("debtor"), appeals the bankruptcy court's August 20, 2009 order granting appellee L.A.J. Inc.'s motion for judgment on the pleadings. For the reasons that follow, the judgment of the bankruptcy court will be affirmed.

I.

*Applicable Rules and Standard of Review*

Federal Rule of Civil Procedure 12(c), which allows a party to move for judgment on the pleadings, is applicable in adversary proceedings in bankruptcy courts. *See* Fed. R. Bankr. P. 7012(b). "The pleadings" include the complaint, the answer (with or

without a counterclaim), and the answer to a counterclaim. *See* Fed. R. Civ. P. 7(a), 13; Fed. R. Bankr. P. 7007, 7013.

This court reviews the grant of a motion for judgment on the pleadings *de novo*. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008); *Griffin v. Griffin (In re Griffin)*, No. 05-8020, 2008 WL 2265178, at *1 (B.A.P. 6th Cir. June 4, 2008). The pleadings are construed in the light most favorable to the nonmovant, and all well-pled factual allegations are accepted as true. *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007). The court need not, however, accept "legal conclusions or unwarranted factual inferences." *Id.* In addition to the pleadings, courts may consider matters of public record, such as a debtor's Chapter 11 Plan, in deciding a Rule 12(c) motion. *Id.*

II.

*Factual Background as Presented by the Pleadings*

The debtor filed a Chapter 11 bankruptcy petition in the Eastern District of Tennessee on July 14, 1999. [Complaint, ¶ 3]. His Chapter 11 Plan was confirmed on August 16, 2000. [Complaint, ¶ 3]. L.A.J. held an unsecured claim in the amount of $61,652.00. [Complaint, ¶ 8; Answer, ¶ 6]. The Plan provided that L.A.J.'s claim would receive "a minimum 24 per-cent payoff . . . ."[1]

---

[1] In his complaint, the debtor omits the word "minimum" from his quotation of this pertinent Plan language. [Complaint, ¶ 4]. The bankruptcy court in its memorandum opinion quoted the Plan provision in full [Record on Appeal, doc. 8], and the parties in their briefing to this court agree that
(continued...)

The debtor made no more than minimal payments to fund his plan. [Answer to Counterclaim, ¶ 2]. As a result, L.A.J. sued him in the Law Court for Sullivan County, Tennessee in June 2004 alleging "that the debtor breached the Plan by failing to make any payment in accordance therewith; and that [the debtor] was liable as a result of the breach." [Counterclaim, ¶ 7; Answer to Counterclaim, ¶ 7; Complaint, ¶ 7]. In October 2005, the state court "entered a Final Order finding the debtor in default, granting LAJ a judgment in the amount of $61,652.00 together with interest at the judgment rate from the date of the judgment and taxing costs to the debtor." [Counterclaim, ¶ 17; Answer to Counterclaim, ¶ 7].

### III.

*Procedural Background*

By his complaint, the debtor initiated the present adversary proceeding in February 2009. He contends that the state court judgment includes $46,855.52 in discharged debt, that being the amount of L.A.J.'s original claim minus twenty-four percent. In other words, the debtor argues that the state court impermissibly entered judgment on the extinguished prepetition debt rather than on the existing Plan obligation.

The parties filed cross-motions for judgment on the pleadings. By memorandum and order dated August 20, 2009, the bankruptcy court granted L.A.J's motion

---

[1](...continued)
the Plan in fact provides for "*a minimum* 24 per-cent payoff" of L.A.J.'s claim. [Doc. 4, p. 6; doc. 5, p.4] (emphasis added).

and denied the motion of the debtor. In sum, the bankruptcy court ruled that

> the discharge injunction was not violated. Instead of obtaining a judgment on the prepetition, discharged debt as the Debtor argues, LAJ obtained a judgment based on the new postpetition, contractual obligation owed by the Debtor to LAJ under the Plan. Regardless of whether the state court accurately interpreted the Plan in fixing the judgment amount, this court lacks jurisdiction to vacate or modify that judgment in any respect.

[Record on Appeal, doc. 8, p. 9]. The present appeal followed.

IV.

*Analysis*

L.A.J.'s prepetition claim was discharged upon the confirmation of the debtor's Chapter 11 Plan. *See* 11 U.S.C. § 1141(d)(1)(A) (2005).[2] A confirmed plan "bind[s] the debtor . . . and any creditor . . . ." 11 U.S.C. § 1141(a). Under the prior version of the Bankruptcy Code, "[t]he plan is essentially a new and binding contract between the Reorganized Debtor and the Petitioning Creditors." *Nat'l City Bank v. Troutman Enters. (In re Troutman Enters.)*, 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000). "It is black-letter law that if a reorganized debtor defaults on plan payments to an unsecured creditor, the creditor can pursue the debtor for the restructured debt under the plan." *In re Xofox Indus.*, 241 B.R. 541, 543 (Bankr. E.D. Mich. 1999). The state courts of Tennessee are an appropriate forum to enforce parties' plan obligations. *See, e.g., In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr.

---

[2] Under the present version of the Bankruptcy Code, which is inapplicable at bar because the debtor's case was commenced prior to October 2005, the debt to L.A.J. would not have been discharged until the bankruptcy court "grant[ed] a discharge on completion of all payments under the plan[.]" 11 U.S.C. § 1141(d)(5)(A).

4

W.D. Tenn. 1998).

The key issue in this appeal is whether the state court's judgment was an interpretation and enforcement of the parties' obligations under the Plan, or whether the state court modified the bankruptcy court's discharge order by reinstating the original discharged debt. The former is permissible, but the latter would be void. *See Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367 (6th Cir. 2008). An "important question" is whether the specific debt considered by the state court has been discharged in bankruptcy. *See id.* at 375.

> If the debt was discharged, then the state-court judgment was a modification of the discharge order and is void ab initio. If the debt was not discharged pursuant to the bankruptcy court's discharge order, then the state-court judgment was not a modification of the discharge order and the *Rooker-Feldman* doctrine would bar federal-court jurisdiction.

*Id.* at 376.[3]

To answer the "important question" articulated by the *Hamilton* panel, the posture of the present case requires the court to look to the pleadings. The debtor's confirmed Plan provided that L.A.J.'s claim would receive "*a minimum* 24 per-cent payoff . . . ." (Emphasis added). L.A.J. sued the debtor in state court alleging breach of that Plan obligation. The state court entered judgment "finding the debtor in default" of his Plan liability. The pleadings make clear that it was the "new and binding contract" of the Chapter

---

[3] "The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

5

11 Plan that was litigated in state court - not L.A.J.'s discharged prepetition claim.

Within its discretion, the state court interpreted the debtor's current contractual obligation to pay L.A.J. "a minimum" of twenty-four percent of the original claim and entered judgment in excess of that "minimum" and equal to the amount of the original debt. "A minimum of" does not mean "only." The debtor is certainly displeased with the state court's ruling, and that judgment may or may not be correct, but the ruling pertained to a complaint regarding the debtor's Plan obligation rather than the discharged prepetition claim. The bankruptcy court therefore did not err in concluding that the pleadings show the instant adversary proceeding to be an improper attempt at a state court appeal barred by the *Rooker-Feldman* doctrine.

V.

*Conclusion*

Based on the applicable standard of review, the bankruptcy court's August 20, 2009 order is affirmed for the reasons stated herein and for the reasons stated in the bankruptcy court's August 20, 2009 memorandum opinion. An order consistent with this opinion will be entered.

ENTER:

                                                          s/ Leon Jordan
                                              United States District Judge